Jeffrey S. Dubin (JD-0446)
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, New York 11743
(631) 351-0300
(914) 686-0553
(631) 351-1900 FAX
dubinjs@cs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
FRED ALSTON, as a Trustee of THE
LOCAL 272 LABOR-MANAGEMENT PENSION FUND;
FRED ALSTON, as a Trustee of THE                    Civil Action No.
LOCAL 272 WELFARE FUND,                             05 CV. 3875 (KMW)
                                                    ECF Case

                                    Plaintiffs,

          -against-                                         COMPLAINT

QUIK PARK GARAGE CORP.,

                                    Defendant.

---------------------------------------------X

  Plaintiffs, complaining of the defendant, by their attorney, JEFFREY S.

DUBIN, allege as follows:

  1.  This is an action by a Trustee of two employee benefit plans, on

behalf of the Trustees of the two plans, to enforce the obligations of the

defendant to make contributions to these plans and to permanently enjoin its

failure to make such contributions in the future and for interest, additional

interest, reasonable attorney's fees and costs of action. The jurisdiction of this

Court is invoked under Section 502 of the Employee Retirement Income

Security Act of 1974 (E.R.I.S.A.), as amended, 29 U.S.C. § 1132.

2.      Plaintiff, Fred Alston, as a Trustee of the Local 272 Labor-Management Pension Fund (Pension Fund) and as a Trustee of the Local 272 Welfare Fund (Welfare Fund), is and was a fiduciary within the meaning of Section 3(21) of E.R.I.S.A., 29 U.S.C. § 1002(21).  The Pension Fund and the Welfare Fund are and were employee benefit plans within the meaning of Section 3(3) of E.R.I.S.A., 29 U.S.C. § 1002(3).

3.      The Pension Fund, and the Welfare Fund (Fringe Benefit Funds) are and were administered within this district within the meaning of Section 502(e)(2) of E.R.I.S.A., 29 U.S.C. § 1132(e)(2), to wit, within the City, County and State of New York.

4.      Upon information and belief, the defendant is and was a corporation, incorporated under the laws of the State of New York. Defendant is and was an employer within the meaning of Section 3(5) of E.R.I.S.A., 29 U.S.C. § 1002(5).

5.      At all times relevant hereto, defendant has been doing business in this district within the meaning of 28 U.S.C. § 1391.

6.      Heretofore, defendant entered into a contract which, *inter alia*, provided for contributions by defendant to the Fringe Benefit Funds for certain hours worked by participants employed by said defendant. The Fringe Benefit Funds are third party beneficiaries of said contract.

-2-

7.     Pursuant to said contract, defendant employed persons who were participants in the Fringe Benefit Funds within the meaning of Section 3(7) of E.R.I.S.A., 29 U.S.C. § 1002(7), while said contract was in full force and effect.

8.     Pursuant to said contract, defendant is required to make contributions to plaintiffs for the period October 1, 2003 to September 30, 2004.

9.     The Trustees of the Fringe Benefit Funds have authorized Fred Alston to bring this action on their behalf.

AS AND FOR A FIRST CLAIM FOR RELIEF<br>
ON BEHALF OF PLAINTIFF FRED ALSTON,<br>
<u>AS A TRUSTEE OF THE PENSION FUND</u>

10.  Plaintiff, Fred Alston, as a Trustee of the Pension Fund, repeats and realleges each and every allegation set forth in paragraphs 1 through 9.

11.    Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

-3-

AS AND FOR A SECOND CLAIM FOR
RELIEF ON BEHALF OF PLAINTIFF
FRED ALSTON, AS A TRUSTEE
<u>OF THE WELFARE FUND</u>

12.  Plaintiff, Fred Alston, as a Trustee of the Welfare Fund repeats and realleges each and every allegation set forth in paragraphs 1 through 9.

13.  Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid although duly demanded.

WHEREFORE, plaintiffs demand judgment in accordance with E.R.I.S.A. Section 502(g)(2), 29 U.S.C. § 1132(g):

1.    On the First Claim for Relief in favor plaintiff, Fred Alston, as a Trustee of the Pension Fund and against defendant in the amount of $22,013.55.

2.    On the Second Claim for Relief in favor of plaintiff, Fred Alston, as a Trustee of the Welfare Fund and against defendant in the amount of $15,045.76

3.  In accordance with Section 502(g) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2), awarding plaintiffs on the foregoing claims for relief:

-4-

a.     interest of 18% per annum on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made.

b.     additional interest of 18% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(C) and (E), 29 U.S.C. §§ 1132(g)(2)(C) and (E).

c.     reasonable attorneys fees and costs of the action pursuant to Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D).

AND, for such other relief under E.R.I.S.A., as this Court deems appropriate.

Dated: April 14, 2005

_____
Jeffrey S. Dubin (JD-0446)
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, NY 11743
(631) 351-0300
(914) 686-0553
(631) 351-1900 FAX
dubinjs@cs.com

To:     Defendant (Fed.R.Civ.P. § 4)
        United States District Court (Fed.R.Civ.P. § 3)
        Secretary of Labor-by Cert. Mail (29 U.S.C. § 1132(h))
        Secretary of Treas.-by Cert. Mail (29 U.S.C. § 1132(h))